IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANNON GRADY, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:19-CV-3001-B-BK |
| | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this cause is now before the Court on Plaintiff's *Application for Attorney Fees Under the Equal Access to Justice Act*. Doc. 20. For the reasons that follow, it is recommended that the motion be **GRANTED**.

Under the Equal Access to Justice Act ("EAJA"), a court must award attorney's fees and expenses if: (1) the claimant is a "prevailing party," (2) the position of the United States was not "substantially justified," and (3) there are no special circumstances that make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001). The award of attorney's fees must be reasonable. *See* 28 U.S.C. § 2412(b).

Plaintiff seeks an award of attorney's fees in the amount of $7,518.53 and reimbursement of court costs of $400.00. Doc. 20 at 7. Defendant does not oppose the motion, but notes that the award of court costs is not payable as EAJA fees, but is charged against the United States government and paid from the Judgment Fund by the Department of the Treasury pursuant to 31 U.S.C. § 1304. Doc. 21 at 1.

Having considered Plaintiff's motion and the applicable law, the Court finds Plaintiff's

attorney's fee request reasonable and recommends that the *Application for Attorney Fees Under the Equal Access to Justice Act*, Doc. 20, be **GRANTED** to the extent that Plaintiff is awarded the sum of $7,518.53 in attorney's fees and reimbursement of the $400.00 filing fee.  The Supreme Court has held that EAJA awards are payable directly to the prevailing party, not their attorney.  *Astrue v. Ratliff*, 560 U.S. 586, 592-93 (2010).

The Court of Appeals for the Fifth Circuit has reiterated this point.  *Jackson v. Astrue*, 705 F.3d 527, 531 n.11 (5th Cir. 2013).  Accordingly, the award of attorney's fees in the amount of $7,518.53 should be made payable directly to Plaintiff but sent in care of her attorney.  *Id.*  Payment of the $400.00 the filing fee should be made from the Judgment Fund by the Department of the Treasury under 31 U.S.C. § 1304.

**SO RECOMMENDED** on June 22, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).